```
              UNITED STATES DISTRICT COURT
          FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


DAMION WILKS,                      :   CIVIL NO. 1:07-CV-2171
                                   :
           Petitioner              :   (Judge Caldwell)
     v.                            :
                                   :   (Magistrate Judge Smyser)
U.S. DEPARTMENT OF HOMELAND        :
SECURITY, IMMIGRATION AND          :
CUSTOMS ENFORCEMENT and WARDEN     :
THOMAS V. DURAN,                   :
                                   :
           Respondents             :
```

### REPORT AND RECOMMENDATION

On November 29, 2007, the petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

By an Order dated December 14, 2007, the respondents were ordered to show cause, on or before January 2, 2008, why the petitioner should not be granted habeas corpus relief. After requesting and receiving an extension of time, the respondents filed a response to the petition on January 24, 2008.

The respondents pointed out that the petitioner had not set forth his claim or claims in his petition. Rather, the

petition consists of one page in which the petitioner sets forth the address of his place of confinement, indicates that his date of initial detention or arrest was March 20, 2005, that the date an information or bill of particulars was filed against him was May 3, 2006, that all counts against him have been vacated, that the case is in front of the United States Court of Appeals for the Third Circuit, that a detainer was placed by the state of Pennsylvania and that a deportation order or detainer was placed by the Immigration and Naturalization Service.  The petitioner attached a number of exhibits to that one page.  He attached a copy of an amended petition under the Post Conviction Relief Act that was apparently filed in the Philadelphia Court of Common Pleas on behalf of a Damion Rivers[1], a copy of an order from the Court of Common Pleas modifying *nunc pro tunc* a sentence imposed on Damion Rivers, a copy of an order dated April 16, 2007 from the United States Court of Appeals for the Third Circuit indicating that a stay of removal in the petitioner's case remains in effect and setting forth a briefing schedule, and a copy of a

---

[1] Damion Rivers is apparently another name used by the petitioner.

reply brief submitted by counsel on behalf of the petitioner in the United States Court of Appeals for the Third Circuit.

The respondents were correct that the petition and exhibits do not indicate what claim or claims the petitioner is presenting in this case.  However, on February 1, 2008, the petitioner filed a reply to the respondents' response in which he somewhat more clearly set forth his claims.  Based on the petitioner's reply, we concluded that the petitioner is challenging his continued detention by the United States Bureau of Immigration and Customs Enforcement and that he is claiming that he is entitled to immediate release pursuant to *Zadvydas v. Davis*, 533 U.S. 678 (2001).  Although less clear, we also concluded that the petitioner is challenging his removal order on the basis that his guilty plea in the Court of Common Pleas was involuntary in that he relied on inaccurate advice from his counsel regarding the immigration consequences of his plea.

By an Order dated February 29, 2008, we ordered the respondents to file a supplemental response to the petition addressing the claims raised by the petitioner in his reply. That order also allotted leave to the petitioner to file a

supplemental reply to the respondents' supplemental response within ten days of the filing of a supplemental response.

On March 17, 2008, the respondents filed a supplemental response to the petition. The petitioner has not filed a supplemental reply.

The petitioner is a native and citizen of Jamaica. *Doc. 11, Exhibit A.* By a Notice to Appear dated May 3, 2006, the petitioner was charged with being subject to removal from the United States pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii) on the basis that he was convicted of aggravated assault and pursuant to 8 U.S.C. § 1227(a)(2)(C) on the basis of a firearms conviction. *Id.*

On July 27, 2006, an Immigration Judge ordered the petitioner removed from the United States to Jamaica. *Doc. 11, Exhibit C.* By an Order dated October 2, 2006, the Board of Immigration Appeals (BIA) dismissed the petitioner's appeal of the Immigration Judge's order of removal. *Doc. 11, Exhibit D.*

The petitioner filed a petition for review with the United States Court of Appeals for the Third Circuit. *See Wilks v. Attorney General of the United States*, No. 06-4653 (3rd Cir.) The Third Circuit entered an order staying the petitioner's removal. *Id.*

The BIA subsequently denied two motions to reopen filed by the petitioner. *Doc. 11, Exhibit E.*

The petitioner filed another petition for review with the United States Court of Appeals for the Third Circuit. *See Wilks v. Attorney General of the United States*, No. 07-2131 (3rd Cir.). On April 16, 2007, the Third Circuit consolidated that petition for review with the prior petition for review and indicated that the stay of removal remains in effect. *Id.*

In May of 2007, ICE reviewed the petitioner's detention. *Doc. 11, Exhibit G.* By a decision dated May 23 2007, ICE informed the petitioner that it determined that he will not be released from custody at this time. *Doc. 7, Exhibit F.* The decision indicated that ICE believes that the petitioner is a threat to the community and a flight risk. *Id.*

ICE has scheduled another review of the petitioner's custody for May 22, 2008. *Doc. 11, Exhibit H.*

In connection with the instant petition, the petitioner is seeking release from custody.

8 U.S.C. § 1231(a) governs detention of aliens ordered removed.  Pursuant to 8 U.S.C. § 1231(a), generally an alien shall be removed during the ninety day removal period. 8 U.S.C. § 1231(a)(1)(A) provides:

> (A) In general. Except as otherwise provided in this section, when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the "removal period").

8 U.S.C. § 1231(a)(1)(B) provides that the removal period begins on the latest of the following:

> (i) The date the order of removal becomes administratively final.
> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

6

8 U.S.C. § 1231(a)(2) concerns detention during the removal period and provides:

> During the removal period, the Attorney General shall detain the alien. Under no circumstance during the removal period shall the Attorney General release an alien who has been found inadmissible under section 212(a)(2) or 212(a)(3)(B) [8 USCS § 1182(a)(2) or (a)(3)(B)] or deportable under section 237(a)(2) or 237(a)(4)(B) [8 USCS § 1227(a)(2) or (a)(4)(B)].

8 U.S.C. § 1231(a)(3) provides that "[I]f the alien does not leave or is not removed within the removal period, the alien, pending removal, shall be subject to supervision under regulations prescribed by the Attorney General." However, 8 U.S.C. § 1231(a)(6) provides that certain aliens, including aliens determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, may continue to be detained beyond the removal period.

On June 28, 2001, the United States Supreme Court issued its decision in *Zadvydas v. Davis*, 533 U.S. 678 (2001). In *Zadvydas*, in order to avoid reading the statute in a manner that raised serious constitutional concerns, the Court construed the post-removal-period detention statute, 8 U.S.C. § 1231(a)(6), to contain an implicit "reasonable time"

limitation. *Id.* at 689.  The Court concluded that, once removal is no longer reasonably foreseeable, continued detention is no longer authorized by the statute. *Id.* at 699.  The Court read the statute to limit a resident alien's post-removal-period detention to a period reasonably necessary to bring about the alien's removal from the United States. *Id.* at 699.  The Court further adopted a presumption that detention for up to six months is reasonable. *Id.* at 701.  After that six month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, ICE must respond with evidence sufficient to rebut that showing or else must release the alien subject to terms of supervision. *Id.*  "And for detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink." *Id.*  The Court cautioned, however, that the six-month presumption does not mean that every alien not removed must be released after six months. *Id.*  "To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.*  In *Clark v. Martinez,* 543 U.S. 317 (2005), the Supreme Court held that the construction of 8

U.S.C. § 1231(a)(6) and the six-month presumptive detention period adopted in *Zadvydas* applies in cases of inadmissible aliens as well as resident aliens.

We conclude that *Zadvydas'* six month presumption is not applicable in this case.  Unlike the petitioner in *Zadvydas,* the petitioner in this case is not subject to indefinite detention.  Whereas the petitioner in *Zadvydas* could not be removed from the United States because there was not a country willing to accept him, in the instant case, the respondents have stated, ICE has obtained travel documents for the petitioner.  The petitioner's removal may proceed if his removal order is upheld.[2]  Given the stay issued by the Third

---

[2] A review of the docket in the petitioner's Third Circuit cases indicate that on April 15, 2008, the Third Circuit issued an opinion granting the petitioner's second petition for review and remanding the case to the BIA to determine whether, in light of the state court's modification of the petitioner's sentence on his aggravated assault conviction to less than a year, that conviction still constitutes an aggravated felony.  We note that the docket from the Third Circuit does not indicate that a mandate has yet issued from the Third Circuit and there is no mention in the order or judgment regarding the stay of removal.  Given that the Third Circuit's mandate has not yet issued and the Third Circuit has not specifically lifted the stay of removal, we assume that the stay issued by the Third Circuit is still in effect.  Even if the stay by the Third Circuit were not still in effect, given the Third Circuit's remand to the BIA, the petitioner's removal order would not be final, the removal period has not yet begun and the
(continued...)

Circuit, pursuant to 8 U.S.C. § 1231(a)(1)(B)(ii) the removal period has not yet begun and, therefore, the petitioner is not entitled to release pursuant to *Zadvydas.*

The petitioner also contends that he has been denied due process in connection with his continued detention. However, the record indicates that in May of 2007 the petitioner received an individualized determination of his request for release and that another review of his detention is scheduled for May 22, 2008.  The petitioner is receiving due process in connection with his continued detention.

As indicated above, we also construed the petitioner's claims to include a claim challenging his removal order.

Pursuant to 8 U.S.C. § 1252(a)(5) (as amended by the Real ID Act of 2005, Pub.L. 109-13, 119 Stat. 231), this court does not have jurisdiction to consider the petitioner's claim

---

²(...continued)
determinations reached in this Report and Recommendation would not change.

10

challenging his removal order. 8 U.S.C. § 1252(a)(5) provides, in pertinent part:

> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter, except as provided in subsection (e) of this section.

Subsection (e) of § 1252, which deals with judicial review of removal orders entered under the expedited removal procedures set forth in 8 U.S.C. § 1225(b)(1), is not applicable in this case.  Thus, this court does not have jurisdiction to review the petitioner's removal order.

Based on the foregoing, it is recommended that the petition for a writ of habeas corpus be denied and that the case file be closed.

*/s/ J. Andrew Smyser*
J. Andrew Smyser
Magistrate Judge

Dated:  April 25, 2008.

11