```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
```

```
DAMION WILKS,                    :
        Petitioner
                                 :

        vs.                      :    CIVIL NO. 1:CV-07-2171

U. S. DEPARTMENT OF HOMELAND     :
SECURITY, IMMIGRATION AND
CUSTOMS ENFORCEMENT and          :
WARDEN THOMAS V. DURAN,
        Respondents              :
```

*M E M O R A N D U M*

I.   *Introduction*

This 2241 habeas case is here on remand from the Third Circuit for us to consider the claim of petitioner, Damion Wilks, an ICE detainee, that his continued detention violates due process. After review of the parties' submissions, we agree with Petitioner that he is entitled to a hearing before an immigration judge, where the government will have the burden of establishing that he is a flight risk or a danger to the community if it wishes to continue his detention.

II.  *Background*

The following background is taken from the parties' exhibits and other filings in this matter. Petitioner is a citizen of Jamaica who entered the United States in 1993 and became a lawful permanent resident in 1997. Petitioner has incurred two Pennsylvania convictions. In March 2005, he pled

guilty to carrying a firearm without a license. In August 2005, he pled guilty to aggravated assault. The latter offense stemmed from an apparent attempt to evade police in which he placed an officer in danger, for which he was sentenced to six to twelve months. *See Wilks v. Attorney General*, 273 Fed. Appx. 196, 197, 199 n.4 (3d Cir. 2008) (per curiam) (nonprecedential).

In May 2006, ICE served Petitioner with a notice to appear, informing him that the government intended to remove him to Jamaica under 8 U.S.C. § 1227(a)(2)(A)(iii), INA § 237(a)(2)(A)(iii), on the basis that his aggravated assault conviction was an aggravated felony, and under 8 U.S.C. § 1227(a)(2)(C), INA § 237(a)(2)(C), on the basis that he was an alien convicted of a firearms offense. On May 8, 2006, Wilks was taken into ICE custody. On May 16, 2006, the immigration judge denied Petitioner's request to be released on bond because detention was mandatory.

On July 27, 2006, the immigration judge ordered Petitioner removed from the United States to Jamaica. By order dated October 2, 2006, the Board of Immigration Appeals (BIA) dismissed Petitioner's appeal of the removal order. Petitioner filed a petition for review with the United States Court of Appeals for the Third Circuit. *See Wilks v. Attorney General of the United States*, No. 06-4653 (3rd Cir.). The Third Circuit entered an order staying the petitioner's removal. *Id.*

Petitioner filed for postconviction relief on the aggravated assault charge, arguing that it was invalid because his counsel had told him that his guilty plea would not make him deportable. He also filed a motion to reopen in the BIA on the same basis, which the BIA denied. In February 2007, the state court granted relief by reducing the sentence to no more than 364 days.

Wilks then filed a second motion with the BIA to reopen, based on the state court's decision. This motion was also denied, and Petitioner filed another petition for review with the Third Circuit. *See Wilks v. Attorney General*, No. 07-2131 (3rd Cir.).

On April 15, 2007, the Third Circuit denied the first petition for review but granted the second, instructing the BIA to determine if the aggravated assault conviction still constituted an aggravated felony in light of the state court's action. *Wilks, supra*, 273 Fed. Appx. 196. In response, on September 3, 2008, the BIA reopened Petitioner's case and remanded it to the immigration judge to determine if Wilks should be deported on the basis of his firearms offense and whether he would be entitled to cancellation of removal.

ICE reviewed Petitioner's detention twice. In May 2007, ICE performed a file custody review. By a decision dated May 23, 2007, ICE informed the petitioner that it would continue to detain him because it believed he was a threat to the

community and a flight risk. Another review was conducted in May and June of 2008. As part of the latter review, Wilks was interviewed by two ICE officers. On June 4, 2008, ICE decided that he would remain in custody. ICE noted that it had travel documents that would effect Petitioner's removal to Jamaica. The agency also noted: "Your criminal history shows that you have several criminal convictions including aggravated assault, carrying a firearm without a license, possession of marijuana and violation of probation. It then concluded: "[I]n light of your criminal history you have failed to prove that you are not a danger to the community." (Doc. 29-2, ECF page 19).

These habeas 2241 proceedings were begun on November 27, 2007. By order of June 4, 2008, we dismissed the petition. We rejected the due process claim based on prolonged detention because in May 2007 Petitioner had received his file custody review and because another review of his detention was scheduled for May 2008, *Wilks v. U.S. Dep't of Homeland Security*, 2008 WL 2329124, at *4 (M.D. Pa.), the review we just described that involved a personal interview.

Wilks appealed our decision, and the case was remanded on September 25, 2008, on Respondents's motion in the Third Circuit so that we could consider Wilks's detention under 8 U.S.C. § 1226. Wilks again sought a bond hearing before an immigration judge, but the judge denied the request on September 29, 2008, on the basis that Wilks was subject to mandatory

detention under 8 U.S.C. § 1226(c). Wilks's hearing on his request for cancellation of removal is scheduled for November 28, 2008.

III. *Discussion*

We have reviewed the arguments the parties have made in their respective briefs, and we believe that Petitioner is entitled to a hearing before a neutral decision maker on whether he should be kept in detention while his immigration proceedings continue. We reason as follows.

Although Petitioner contends he is subject to detention under 8 U.S.C. § 1226(a), the discretionary detention section, Petitioner is still subject to detention under 8 U.S.C. § 1226(c), the mandatory detention section. Mandatory detention under that section is constitutional as long as the detention does not exceed the period typically required for removal proceedings. *See Demore v. Kim*, 538 U.S. 510, 531, 123 S.Ct. 1708, 1722, 155 L.Ed.2d 724 (2003). However, when an alien has been detained for a prolonged period, to avoid the due process concerns such detention would raise, section 1226(c) should be construed to require review of the detention by an immigration judge, with the government having the burden of showing that the alien is a flight risk or a danger to the community if it wishes to continue the detention. *See Tijani v. Willis*, 430 F.3d 1241, 1242 (9th Cir. 2005); *Casas-Castrillon v. Dep't of Homeland*

*Security*, 535 F.3d 942, 951 (9th Cir. 2008) (deciding that immigrant's detention after remand from the court of appeals for further proceedings was under section 1226(a) and that the section had to be construed to require the Attorney General to provide the immigrant with a bond hearing where the government has the burden of showing flight risk or danger to the community); *see also Madrane v. Hogan*, 520 F. Supp. 2d 654 (M.D. Pa. 2007)(granting habeas relief because the alien's prolonged detention violated due process when the government could not show flight risk or danger to community); *Nunez-Pimental v. U.S. Dep't of Homeland Security*, No. 07-1915, 2008 WL 2593806, at * 5 (M.D. Pa. June 27, 2008)(prolonged detention justified habeas relief that released alien under reasonable conditions of supervision). Periodic reviews of the alien's detention can satisfy due process concerns, *see Prieto-Romero v. Clark*, 534 F.3d 1053, 1065-66 (9th Cir. 2008), but any such reviews cannot be "perfunctory." *Chi Thon Ngo v. INS*, 192 F.3d 390, 398 (3d Cir. 1999)(examining the process due an excludable alien held in detention).

In the instant case, Wilks has been detained for about two and one-half years while his immigration proceedings have made their way through the agency and the court of appeals. This constitutes prolonged detention. It is true that he received two reviews of his detention during this time, but we do not believe they met due process concerns, as the last review Petitioner

6

received was not meaningful, for the reasons he has given. We also believe that the so-called *Joseph* hearing to be conducted during the November 28 proceedings, *see Demore*, *supra*, 538 U.S. at 514 n.3, 123 S.Ct. at 1713 n.3 (discussing scope of a *Joseph* hearing), would not satisfy due process.

      We will enter an appropriate order.

                                            /s/William W. Caldwell
                                            William W. Caldwell
                                            United States District Judge

Date: November 3, 2008

```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


DAMION WILKS,                     :
        Petitioner
                                  :

        vs.                       :    CIVIL NO. 1:CV-07-2171

U. S. DEPARTMENT OF HOMELAND      :
SECURITY, IMMIGRATION AND
CUSTOMS ENFORCEMENT and           :
WARDEN THOMAS V. DURAN,
        Respondents               :
```

*O R D E R*

AND NOW, this 3rd day of November, 2008, it is ordered that the petition for writ of habeas corpus is granted as follows:

    1.  Within twelve days of the date of this order, Respondents shall provide Petitioner with a hearing before an immigration judge where if the government wishes to detain Petitioner during the course of his removal proceedings, it shall have the burden of proving that Petitioner is a flight risk or a danger to the community.

    2. If a hearing is not held within twelve days, Respondents shall release Petitioner under reasonable supervision conditions.

                                      /s/William W. Caldwell
                                      William W. Caldwell
                                      United States District Judge