```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
```

DAMION WILKS,                     :
        Petitioner
                                  :

        vs.                       :   CIVIL NO. 1:CV-07-2171

U. S. DEPARTMENT OF HOMELAND      :
SECURITY, IMMIGRATION AND
CUSTOMS ENFORCEMENT and           :
WARDEN THOMAS V. DURAN,
        Respondents               :


*M E M O R A N D U M*

I.   *Introduction*

We are considering Petitioner, Damion Wilks's, motion for attorney's fees under the Equal Access to Justice Act (EAJA). 28 U.S.C. § 2412(d)(1)(A). In these 28 U.S.C. § 2241 habeas proceedings, Petitioner asserted that the Department of Homeland Security was violating his right to due process by continuing to detain him while he contested the government's decision to deport him. We agreed with Petitioner and ordered that he receive a hearing before an immigration judge, where the government would have the burden of establishing that he was a flight risk or a danger to the community if it wished to continue his detention pending the outcome of the removal proceedings. *Wilks v. U. S.*

*Dep't of Homeland Security*, No. 07-2171, 2008 WL 4820654, at *1 (M.D. Pa. Nov. 3, 2008).[1]

Wilks now seeks his attorney's fees and costs as the prevailing party. We will deny that request as the government's position was substantially justified.

II. *Background*

We provide a brief background.[2] Petitioner is a citizen of Jamaica who became a lawful permanent resident of the United States in 1997. In March 2005, he was convicted of carrying a firearm without a license, and in August 2005 was convicted of aggravated assault. In May 2006, ICE served Petitioner with a notice to appear, informing him that the government intended to remove him to Jamaica under 8 U.S.C. § 1227(a)(2)(A)(iii), INA § 237(a)(2)(A)(iii), on the basis that his aggravated assault conviction was an aggravated felony, and under 8 U.S.C. § 1227(a)(2)(C), INA § 237(a)(2)(C), on the basis that he was an alien convicted of a firearms offense.

On May 8, 2006, Wilks was taken into ICE custody. On May 16, 2006, an immigration judge denied Petitioner's request to be

---

[1] Pursuant to our order, the immigration judge held a hearing and on November 13, 2008, granted Petitioner release on bond. (Doc. 42, CM/ECF pp. 2-3). On the government's appeal, the Board of Immigration Appeals affirmed the decision, reasoning that "[w]hile [Wilks's] criminal record is serious," the government could not meet the burden of proof that this court had imposed on it to show Wilks was a danger to the community. (Doc. 51).

[2] Our memorandum of November 3, 2008, provides more detail.

2

released on bond because detention was mandatory under 8 U.S.C. § 1226(c), INA § 236(c).[3]

Petitioner remained in ICE custody while his immigration proceedings took place, including two petitions for review he filed with the Third Circuit. He filed the first one after the Board of Immigration Appeals (BIA) dismissed his appeal from the order of the immigration judge to remove him to Jamaica. He filed the second petition when the BIA denied his motion to reopen his case after the state court granted him postconviction relief on the assault conviction by reducing his sentence to no more than 364 days.

On April 15, 2008, the Third Circuit denied the first petition but granted the second, instructing the BIA to determine if the aggravated assault conviction still constituted an aggravated felony in light of the state court's action in reducing Petitioner's sentence to less than a year. In response, on September 3, 2008, the BIA reopened Petitioner's case and remanded it to the immigration judge to determine if Wilks should be deported on the basis of his firearms offense and whether he would be entitled to cancellation of removal. After a hearing, on January 29, 2009, the immigration judge granted Petitioner cancellation of removal. (Doc. 43, CM/ECF p. 7).

---

[3] In part, section 1226(c)(1)(B) requires mandatory detention of an alien who is deportable as having committed crimes covered by sections 1227(a)(2)(A)(iii) and 1227(a)(2)(C).

In the meantime, the Bureau of Immigration and Customs Enforcement (ICE) reviewed Petitioner's detention two times. In May 2007, ICE performed a file custody review. By a decision dated May 23, 2007, ICE informed the petitioner that it would continue to detain him because it believed he was a threat to the community and a flight risk. The second review was conducted in May and June of 2008. As part of the latter review, Wilks was interviewed by two ICE officers.[4] On June 4, 2008, ICE decided that he would remain in custody. ICE noted that it had travel documents that would effect Petitioner's removal to Jamaica. The agency also noted: "Your criminal history shows that you have several criminal convictions including aggravated assault, carrying a firearm without a license, possession of marijuana and violation of probation. It then concluded: "[I]n light of your criminal history you have failed to prove that you are not a danger to the community." (Doc. 29-2, ECF page 19).

These habeas 2241 proceedings were begun on November 27, 2007. By order of June 4, 2008, we dismissed the petition. Wilks appealed our decision, and the case was remanded on September 25, 2008, on Respondents' motion in the Third Circuit so that we could consider Wilks's detention under 8 U.S.C. § 1226(c). By that point, Wilks had been in ICE detention for about two and one-half years. As noted, we granted the petition by requiring a hearing

---

[4] The reviewing officer lists the factors considered as part of the review process. (Doc. 34-3, Decl. of Steven Neyman).

before an immigration judge, where the government would have the burden of establishing that he was a flight risk or a danger to the community if it wished to continue his detention.

III. *Discussion*

In relevant part, under section 2412(d)(1)(A), the "prevailing party" in a suit against the United States "shall" be awarded his "fees and other expenses . . . unless the court finds that the position of the United States was substantially justified . . . ."

> The Supreme Court has held that, as used in the EAJA, "substantially justified" does not mean "justified to a high degree" but instead means "justified in substance or in the main- that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood,* 487 U.S. 552, 565, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988). Put another way, substantially justified means having a "reasonable basis in both law and fact." *Id.* (internal quotation omitted).

*Johnson v. Gonzales*, 416 F.3d 205, 210 (3d Cir. 2005). The government must justify its position not only in the litigation but also its position in the agency proceedings leading up to the litigation. *Id.* "[T]he government must show: (1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory it propounded; and (3) a reasonable connection between the facts alleged and the legal theory advanced." *Morgan v. Perry*, 142 F.3d 670, 684 (3d Cir. 1998). A court cannot conclude "that the government's position was not substantially

5

justified simply because the government lost on the merits." *Johnson*, *supra*, 416 F.3d at 210. "The EAJA is not a 'loser pays' statute." *Morgan*, *supra*, 142 F.3d at 685.

In opposing relief on the merits, the government argued that its continued detention of Petitioner did not violate due process because section 1226(c) required mandatory detention for immigrants convicted of his type of criminal offenses. Additionally, it pointed to cases from this district where the court permitted prolonged detention as mandatory under section 1226(c) without looking to whether the petitioner was a flight risk or a danger to the community. *See, e.g., Dennis v. Bureau of Immigration and Customs Enforcement*, 426 F. Supp. 2d 252 (M.D. Pa. 2006)(Kane, J.), and *Jah v. Chertoff*, No. 07-1260, 2007 WL 2212856 (M.D. Pa. July 31, 2007)(Conner, J.), *aff'd*, *Jah v. Attorney General*, 258 Fed. Appx. 394 (3d Cir. 2007)(per curiam)(nonprecedential).[5] It further argued that the two custody reviews Petitioner had been given satisfied due process.

In opposing the motion for fees, the government argues that its position on the merits was substantially justified because: (1) whether an immigrant can be subjected to continued or prolonged detention under section 1226(c) is an unsettled issue in this circuit that has usually resulted in a determination of the

---

[5] But these cases would not seem to be significant anymore in light of later decisions. *See Madrane v. Hogan*, 520 F. Supp. 2d 654 (M.D. Pa. 2007)(Kane, J.), and *Nunez-Pimental v. U.S. Dep't of Homeland Security*, No. 07-1915, 2008 WL 2593806 (M.D. Pa. June 27, 2008)(Conner, J.).

6

reasonableness of the length of the detention on a case-by-case basis; (2) section 1226(c) mandated that Petitioner be detained; (3) case law from within the circuit justified the detention based on administrative remedies Petitioner pursued; and (4) as recently as June 2008 we found that Petitioner's detention comported with due process based on the May 2007 file custody review and the upcoming (at that time) June 2008 review.

We agree that the government's position was substantially justified because section 1226(c) mandates detention and the Third Circuit has yet to address the issue of prolonged detention under this statutory section, and whether due process requires that a detainee be given an opportunity to show he is not a flight risk or public danger. Indeed, as the government points out, two Third Circuit opinions, albeit nonprecedential, support prolonged detention as mandatory under the section. In *Jah v. Attorney General*, 258 Fed. Appx. 394 (3d Cir. 2007)(per curiam) (nonprecedential), the court of appeals concluded that the language of section 1226(c) authorized mandatory detention for some sixteen months, without mentioning any due process concerns. In *Tavares v. Attorney General*, 211 Fed. Appx. 127 (3d Cir. 2007)(per curiam) (nonprecedential), the Third Circuit stated that an ICE detainee's civil-rights claim based on prolonged detention under section 1226(c) lacked merit because the detention had been prolonged "'by two rounds of IJ decisions and appeals.'" *Id.* at 128. Based on *Tavares*, another member of this court recently held

that a sixteen-month detention under section 1226(c) was not prolonged because some of the time was taken up with procedural steps the immigrant had initiated to contest his removal. *Prince v. Mukasey*, 593 F. Supp. 2d 727, 735-36 (M.D. Pa. 2008)(Conaboy, J.).[6]

We also note that another colleague has extended *Demore v. Kim*, 538 U.S. 510, 531, 123 S.Ct. 1708, 1722, 155 L.Ed.2d 724 (2003), to prolonged detentions under section 1226(c).[7] *See Morena v. Gonzales*, No. 05-895, 2005 WL 3277995, at *3-4 and n.3 (M.D. Pa. Dec. 2, 2005)(Jones, J.); *Scott v. Bureau of Immigration and Customs Enforcement*, No. 05-2174, 2006 WL 1290381, at *3 and n.3 (M.D. Pa. May 10, 2006)(Jones, J.).[8]

Against this legal backdrop, the government's position was substantially justified, both at the agency level and before this court. The government had "a reasonable basis in truth for the facts alleged; a reasonable basis in law for the theory it propounded; and (3) a reasonable connection between the facts alleged and the legal theory advanced." Morgan, supra, 142 F.3d at 684.

---

[6] The court also relied on the fact that the petitioner was scheduled for a detention hearing in another month. *Id.* at 736.

[7] In *Demore*, the Supreme Court held that mandatory detention under section 1226(c) is constitutional as long as the detention does not exceed the brief period typically required for removal proceedings. *Id.* at 531, 123 S.Ct. at 1722.

[8] The court also concluded that the petitioner's reviews comported with due process, but as an additional ground for denying habeas relief.

8

We will issue an appropriate order.

                                                /s/William W. Caldwell
                                                William W. Caldwell
                                                United States District Judge

Date: June 2, 2009

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DAMION WILKS, :
     Petitioner
                                                 :

     vs. : CIVIL NO. 1:CV-07-2171

U. S. DEPARTMENT OF HOMELAND :
SECURITY, IMMIGRATION AND
CUSTOMS ENFORCEMENT and :
WARDEN THOMAS V. DURAN,
     Respondents :

*O R D E R*

AND NOW, this 2nd day of June, 2009, it is ordered that Petitioner's motion (doc. 42) for attorney's fees under the Equal Access to Justice Act is denied.

                                                          /s/William W. Caldwell
                                                          William W. Caldwell
                                                          United States District Judge